# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **PAUL WEBB**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 1323 |
| ) | |
| **COOK COUNTY, ILLINOIS**; et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER[1]

For some unknown reason, no copy of the pro se Complaint filed by Vandalia Correctional Center ("Vandalia") inmate Paul Webb ("Webb") on February 21, 2014 and assigned to this Court's calendar was delivered to this Court's chambers until nearly two months later. This memorandum order hastens to address the issues posed by the Complaint and by Webb's accompanying application for in forma pauperis ("IFP") status.

First, Webb has employed the printed form of Complaint made available by this District Court's Clerk's office for use by persons in custody to assert a 42 U.S.C. § 1983 ("Section 1983") action against a number of defendants who were assertedly implicated in a claimed deprivation of his constitutional rights while he was a detainee at the Cook County Department of Corrections ("County Jail"). Because Webb alleges that he has satisfied the exhaustion-of-administrative-remedies precondition to suit established by 42 U.S.C. § 1997e(a), this

---

[1] This memorandum order supersedes an earlier memorandum order (Dkt. No. 8), which is hereby vacated.

memorandum order can turn directly to other relevant issues disclosed by the preliminary screening called for by 28 U.S.C. § 1915A(a).[2]

On that score Webb has committed an error often encountered in lawsuits brought by nonlawyers: the naming of defendants against whom no action can be brought under the rubric designated for the lawsuit. Here neither Cook County nor its Board President Toni Preckwinkle nor any member of its Board of Commissioners bears any arguable responsibility for the injury claimed by Webb, and all are therefore dismissed sua sponte. That leaves as a defendant Cook County Sheriff Thomas Dart ("Dart") in his official capacity, and although he too was not personally involved in the conduct about which Webb complains he will still be retained as a defendant for the present to enable Webb to put names to the "John Doe Defendants" to whom the Complaint also refers.

As for the gravamen of Webb's Complaint, he asserts that he was injured on June 4, 2013 while enroute on a transport bus bringing him and other detainees from a courthouse on 51st and Wentworth in Chicago to the County Jail. Although that occurrence would itself have given rise to nothing more than a possible negligence claim that would not trigger Section 1983 liability, Webb complains that the ensuing deliberate indifference to his medical needs (a claim advanced under the principles announced in the seminal decisions in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and more recently in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994)) provides a ticket of entry to the federal courthouse.

For that purpose Webb's allegations appear to satisfy the "plausibility" requirement announced in the <u>Twombly-Iqbal</u> canon, so that Webb is a candidate for possible Section

---

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

1983-based relief. But before Webb can go forward in that respect, his Motion and Affidavit To Proceed in District Court Without Prepaying Fees or Costs ("Motion"), submitted in conjunction with his Complaint, does not meet the mandated requirements established by Section 1915 because Webb's answers to the questions in the Motion form are inadequate. In that regard he has belatedly provided a certified copy of all transactions in his trust fund account at Vandalia for the period beginning October 15, 2013 -- but his failure to submit comparable information from the custodial institution where he was previously housed means that this Court does not have that information applicable to the entire six-month period that ended February 13, 2014, as required by Section 1915(a)(2).[3]

Accordingly Webb is ordered to provide the additional required trust fund account printout to this District Court (or alternatively to pay the $350 filing fee in advance) on or before May 12, 2014, failing which this action will be dismissed for want of prosecution. If however Webb satisfies one of those two alternatives in a timely manner, this Court will take such action as may be required to allow this action to go forward.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 17, 2014

---

[3] This Court has selected the February 13 date even though Webb's papers were not received in this District Court's Clerk's Office until February 21. That earlier date gives Webb the benefit of the "mailbox rule" under Houston v. Lack, 487 U.S. 266 (1988).